# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2126
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas David Carruth

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: January 16, 2026
Filed: February 24, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Thomas David Carruth was an Arkansas state district court judge. Courtney Mason recorded him asking her to have sex with him, and then she gave the recording to law enforcement. The FBI then scheduled an interview with Carruth to investigate whether he had solicited sex from Mason in exchange for expediting Mason's boyfriend's criminal case. During the interview, Carruth told the FBI

Appellate Case: 25-2126   Page: 1   Date Filed: 02/24/2026 Entry ID: 5611065

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Feb 24, 2026
Tammy H. Downs, Clerk
By: ForrestDunn D.C.
DEP CLERK

2:23-cr-00001-DPM

agents that he had neither requested sex from Mason nor insinuated such a request. He was thereafter charged with several crimes, including making materially false statements to federal officers. *See* 18 U.S.C. § 1001(a)(2).

At trial, the Government introduced Mason's recording of her meeting with Carruth and excerpts from Carruth's interview with the FBI. The Government also presented testimony from Mason and the agents who had interviewed Carruth. After the conclusion of Government's case-in-chief, Carruth moved for judgment of acquittal on the ground that the Government had not presented sufficient evidence to show that he had made materially false statements during his interview with the FBI agents. The district court[1] denied that motion. Ultimately, the jury convicted Carruth of lying to federal officers but acquitted him on all other charges. After the jury's verdict, Carruth again moved for judgment of acquittal, this time arguing that the jury rendered inconsistent verdicts. The district court denied the motion and sentenced Carruth to 24 months' imprisonment. Carruth appeals the denial of his motions for judgment of acquittal based on (1) sufficiency of the evidence and (2) alleged inconsistency of the jury verdicts. Both challenges fail.

We review Carruth's challenge to the sufficiency of the Government's evidence *de novo*. *See United States v. Johnson*, 745 F.3d 866, 868-69 (8th Cir. 2014). "We view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence. We will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (citation modified). Thus, if the Government presented sufficient evidence such that a reasonable jury could have found that Carruth made materially false statements to the FBI agents, we should affirm.

Here, the Government presented sufficient evidence to the jury showing that Carruth made materially false statements to the FBI agents. At trial, the Government

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

-3-

played for the jury the entirety of Mason's recording. We have reviewed the transcript of that recording, and it shows that Carruth made and insinuated requests for sex. We will spare Carruth the indignity of analyzing the transcript in further detail here. Suffice to say, the Government's evidence was sufficient to show that Carruth made materially false statements to the FBI agents when he denied making or insinuating any requests to Mason for sex.

"[W]hen considering what are characterized as inconsistent verdicts, . . . we only ask whether the government presented sufficient evidence to support the conviction." *United States v. Opare-Addo*, 486 F.3d 414, 416 (8th Cir. 2007). Because the Government presented sufficient evidence to support Carruth's conviction, Carruth's claim based on the alleged inconsistency of the jury's verdicts fails.

Accordingly, we affirm.

———————————————————

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

February 24, 2026

Jeffrey M. Rosenzweig
Suite 310
300 Spring Building
Little Rock, AR  72201-2421

RE:  25-2126  United States v. Thomas Carruth

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Susan E. Bindler
Clerk of Court

AMT

Enclosure(s)

cc:    Nicholas W. Cannon
       Thomas David Carruth
       Clerk, U.S. District Court, Eastern District of Arkansas
       Madison Mumma

District Court/Agency Case Number(s):  2:23-cr-00001-DPM-1